**In the United States District Court**
**for the District of Maryland**

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 400, <br><br> 8400 Corporate Drive, Suite 200 <br> Landover, Prince George's County, Maryland 20785, <br><br> Plaintiff, <br><br> v. <br><br> KROGER LIMITED PARTNERSHIP I MID ATLANTIC MARKETING AREA, A DIVISION OF THE KROGER CO., <br><br> 1014 Vine Street <br> Cincinnati, Ohio 45202, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    Case No. _____ |

**VERIFIED COMPLAINT**

United Food and Commercial Workers, Local 400 ("Local 400" or "Union"), Plaintiff, complains as follows against Kroger Limited Partnership I, Mid Atlantic Marketing Area, a Division of the Kroger Company ("Kroger" or

**Introduction**

1.      This is an action arising under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 to compel arbitration under the parties Collective Bargaining Agreement. The Collective Bargaining Agreement is attached hereto as Exhibit A.

2.      Plaintiff Local 400 is a labor organization with headquarters in Landover, Prince George's County, Maryland. Local 400 is enga

industries affecting interstate commerce as defined in the National Labor Relations Act, as amended (29 U.S.C. §§ 142(1), (3), and 152(5), (6) and (7)). Local 400 has a major presence across the states of Maryland and West Virginia, the Commonwealth of Virginia, and the District of Columbia and it represents more than 35,000 workers.

3.      The Kroger Company is an Ohio Corporation with headquarters in Cincinnati, Ohio. Kroger Limited Partnership I, Mid Atlantic Marketing Area is a division of the Kroger Company. The Kroger Company conducts business operating retails grocery stores in the State of Maryland, among other states. The Employer is an employer in an industry affecting interstate commerce pursuant to 29 U.S.C. § 142(1).

### Jurisdiction

4.      The Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. § 1331 and 29 U.S.C. § 185.

### Venue

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Kroger operates facilities throughout Maryland and because Local 400 is headquartered in this district.

### Facts

6.      Kroger operates grocery stores in this district operating under the name of Harris Teeter.

7.      The parties have a long-time collective bargaining relationship. UFCW Local 400 was at all times relevant to this action, and is now, the exclusive bargaining representative of the Kroger's employees in the state of Virginia.

2

8.      The parties currently have a Collective Bargaining Agreement. At all relevant times, this Collective Bargaining Agreement has governed the terms and conditions of employment of certain employees in its retail stores.

9.      Article 6 of the parties' Collective B grievance procedure and final binding arbitration for disputes regarding the Agreement.

10.     In addition to its underlying collective bargaining agreement, Plaintiff and Defendant are parties to an additional Letter of Understanding (Exhibit B).

11.     That Letter of Understanding provides in pertinent part that the parties will continue their past practice of engaging in an authorization card check procedure whereby a neutral third party examines union authorization cards to determine whether the Union represents a majority of employees in a particular store.

12.     The Letter of Understanding also contains a specific provision that any dispute concerning the interpretation or application of the agreement will be resolved through the grievance and arbitration provisions of the parties underlying CBA.

13.     On August 7, 2026, Defendant Kroger, in violation of the provisions of the Letter of Understanding providing for an authorization card check procedure, filed Petition No. 05-RM-392491 (Exhibit D) with the National Labor Relations Board seeking an election for employees at Kroger store 540, which is a store subjec

14.     Region 5 of the National Labor Relations Board has scheduled a hearing on Kroger's Petition for August 18, 2026 (Exhib

15.     The Union currently has a grievance pending over this dispute, which is attached hereto as Exhibit C.

16. According to the parties' Letter of Understanding, the appropriate forum for final disposition of this dispute is the grievance and arbitration process.

17. However, as of this filing, Kroger has not withdrawn National Labor Relations Board Petition No. 05-RM-392491 despite its explicit agreement to resolve representation matters through the agreed upon authorization card check process.

18. If Kroger is permitted to continue to pursue its National Labor Relations Board action, the parties' Letter of Understanding will be rendered meaningless because Local 400 will be deprived of the authorization card check process for which it bargained.

19. The parties' bargained-for grievance and arbitration processes will similarly be rendered meaningless if Kroger is permitted to pursue its extra-contractual actions before the grievance and arbitration process is finished.

### Count One – Enforcement of Collective Bargaining Agreement Arbitration Clause Pursuant to Section 301 of Labor Management Relations Act

20. Local 400 re-incorporates by reference paragraphs 1-19 as if those paragraphs were fully set forth herein.

21. Local 400 has invoked the grievance and arbitration procedure as set forth in the Letter of Understanding and the underlying CBA.

22. The Employer has breached Letter of Understanding and the Collective Bargaining Agreement by filing National Labor Relations Board Petition No. 05-RM-392491 and failing to abide by its commitment to arbitrate, not litigate, representational matters.

23. The Letter of Understanding should be enforced in all respects in accordance with 29 U.S.C. § 185, and Local 400 is entitled to a judgment compelling the Employer to engage in the grievance and arbitration procedure regarding the issue of whether Kroger has violated the Letter of Understanding.

4

24.     Local 400 is entitled to an award of attorneys' fees and costs in accordance with 29 U.S.C. § 185.

**Count Two – Injunction Of National Labor Relations Board Petition No. 05-RM-392491 Pursuant to Section 301 of Labor Management Relations Act**

25.     Local 400 re-incorporates by reference paragraphs 1-24 as if those paragraphs were fully set forth herein.

26.     If Kroger is allowed to move forward with National Labor Relations Board Petition No. 05-RM-392491 prior to the parties adjudicating their dispute through their agreed upon grievance and arbitration processes, Local 400 will also be deprived of the authorization card check procedure it bargained for with Kroger.

27.     In order to preserve Local 400's right for grievance and arbitration processes pursuant to 29 U.S.C. § 185 and the *status quo ante*, Kroger must be enjoined from pursuing National Labor Relations Board Petition No. 05-RM-392491 unless permitted by an arbitrator.

28.     Local 400 is entitled to an award of attorneys' fees and costs in accordance with 29 U.S.C. § 185.

**Prayer for Relief**

WHEREFORE, Plaintiff United Food and Commercial Workers, Local 400 requests that the Court:

1.     Enter judgment for Local 400 and order Kroger to comply with the grievance and arbitration provisions of the Letter of Understanding and the Collective Bargaining Agreement by participating in the grievance procedure and proceeding to arbitration at the earliest practicable time;

2.       Enjoin Kroger from pursuing National Labor Relations Board Petition No. 05-RM-392491 unless permitted by an arbitrator;

3.       Award attorneys' fees and costs to Local 400; and

4.       Grant Local 400 such other and further relief as may be just and proper.

Dated: August 12, 2026

Respectfully submitted,

/s/_____

Carey R. Butsavage
MD Federal Bar # 07703
John A. Durkalski
MD Federal Bar # 29501
Butsavage & Durkalski, P.C.
2001 L Street N.W., Suite 500
Washington, DC 20036
Telephone: (202) 861-9700
cbutsavage@butsavage.com
jdurkalski@butsavage.com
*Counsel to UFCW Local 400*

## VERIFICATION

I declare verify under penalty of perjury under the laws of the United States of America that the foregoing Complaint is true and correct.

Executed on 8/12/2026.    Signed: _Michael Wilson_____

Michael J. Wilson
Secretary-Treasurer
United Food and Commercial Workers, Local 400
3400 Corporate Drive, #200
Landover, Maryland 20785